## BYSTROM, etc. v CULBREATH, etc.

Case No. 83-37521 CA 21

Eleventh Judicial Circuit, Dade County

September 2, 1987

### APPEARANCES OF COUNSEL

**Robert A. Ginsburg,** Dade County Attorney, and **Daniel A. Weiss,** Assistant County Attorney, for plaintiff.

**Brent R. Taylor,** Legal Services of Greater Miami, Inc., for defendant Dorothy E. Culbreath.

**Joseph C. Mellichamp III,** Assistant Attorney General, for defendant Randall Miller, Director of the Department of Revenue.

### OPINION OF THE COURT

JOHN A. TANKSLEY, Circuit Judge.

THIS CAUSE came before the Court on September 1, 1987 pursuant to notice on Plaintiff's Motion for Final Summary Judgment and pursuant to Waiver of Notice on the Defendant/taxpayer's Cross-Motion for Summary Judgment. The Court considered the motions in

light of the pleadings, depositions, admissions and affidavits on file and considered the written and oral arguments of counsel and the applicable authorities. Upon consideration, the Court makes the following:

### FINDINGS OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW

1. By this action, the Plaintiff/Property Appraiser seeks reinstatement of his denial of a total and permanent disability exemption of the Defendant/taxpayer's residence from ad valorem taxation for 1982. The requested exemption would completely remove the taxpayer's property from the Dade County tax rolls for 1982.

2. The taxpayer's claim of entitlement to total and permanent disability exemption is based on § 196.101, Fla. Stat. That statute provides in pertinent part that in order to qualify for the exemption sought, the taxpayer must suffer from some "total and permanent disability requiring the use of a wheelchair for mobility."

3. The record establishes beyond dispute, however, that the taxpayer does not suffer from any total and permanent disability which *requires* the use of a wheelchair for mobility. Quite to the contrary, the taxpayer's own submissions state:

> "Indeed, it is her doctors who encourage her to walk as often, and as far, as possible (on a daily basis if possible); as they know that her walking (ambulation) will help her medical condition (helps with circulation); (helps prevent atrophy of the leg muscles); (helps with circulation); (prevents pooling of blood in the legs). When walking Mrs. Culbreath usually uses a cane or walker for assistance. In times of remission, Mrs. Culbreath does *not* need a wheelchair for mobility. [Citations to record omitted.]"

In the taxpayer's own words, her thrombophlebitis attacks are *"sporadic."* Similarly, the taxpayer's counsel argued that the taxpayer requires the use of a wheelchair during *"significant periods* of acute exacerbation of thrombophlebitis." Thus, viewed in a light most favorable to the taxpayer, her condition is not a *"total and permanent* disability *requiring* the use of a wheelchair for mobility" within the meaning of § 196.101, Fla. Stat. Similarly, the depositions of both Dr. Luis Suarez and Dr. Robert A. Douglas affirmatively demonstrate that Culbreath is able to and does walk; therefore, the taxpayer does not *"requir[e]* the use of a wheelchair for mobility." Culbreath makes no claim of quadriplegia, hemiplegia, paraplegia or legal blindness. Indeed, one of her treating doctors specifically testified on deposition: "She's not a paraplegic or something like that." Consequently, Culbreath does

**73**

not suffer from any total and permanent disability within the ambit of § 196.101, Fla. Stat.

4. While it is apparent from the record that Culbreath has some difficulty in walking and at times uses a wheelchair, it is equally apparent from the record that Culbreath is not a taxpayer whose property the Legislature intended to exempt by enacting § 196.101. That statute, which governs the taxpayer's claim herein, provides in pertinent part:

. . . . . . . . . .

(2) Any real estate used and owned as a homestead by a paraplegic, hemiplegic, or other *totally and permanently disabled* person, as defined in § 196.012(10), who *must* use a wheelchair for mobility or who is legally blind, is exempt from taxation.

5. The phrase "*must* use a wheelchair for mobility," § 196.101(2), is synonymous with the phrase "*requir[es]* the use of a wheelchair for mobility," found in § 196.101(5). For something to be "required," it must be "essential," "necessary" or "indispensable." Webster's Third International Dictionary, unabridged (1981). "Must" therefore means "must," not "may." To rule otherwise would violate the "plain meaning rule," the most fundamental canon of statutory construction. The rule says "if the statute is plain, the court may not go beyond it to find another meaning." *See, e.g., Wright v. Wright,* 509 So.2d 329, 331 (Fla. 3d DCA 1987) (Ferguson, J., dissenting). In the context of § 196.101, "must" plainly means the same as "shall be required to." Viewing the record in a light most favorable to the taxpayer, it is apparent that it is not true of this taxpayer that she is *totally and permanently* disabled so as to *require* the use of a wheelchair for mobility. The taxpayer's admittedly "sporadic" use of a wheelchair for mobility simply excludes her from the protection accorded persons totally and permanently disabled so as to require the use of a wheelchair for mobility.

6. The pleadings, affidavits and depositions before this Court indisputably establish that most of the time Culbreath is able to walk and obtain mobility without the use of a wheelchair. Thus, the taxpayer manifestly does not suffer from hemiplegia, paraplegia, quadriplegia, or "other total and permanent disability requiring the use of a wheelchair for mobility." Consequently, the record demonstrates that the taxpayer is not within the scope of § 196.101, Fla. Stat., and is therefore not entitled to the exemption which she seeks. Thus, there is no genuine issue of material fact, and the Plaintiff/Property Appraiser is entitled to judgment as a matter of law.

74

Accordingly, it is hereby

ORDERED and ADJUDGED that:

1. The Plaintiff/Property Appraiser's Motion for Final Summary Judgment is granted; and

2. The Defendant/taxpayer's Cross-Motion for Summary Judgment is denied; and

3. Final Summary Judgment is entered in favor of the Plaintiff Dade County Property Appraiser Franklin B. Bystrom and against Defendant Dorothy E. Culbreath, who shall go hence without day; and

4. The 1982 tax assessment of the subject property as prepared by the Property Appraiser is reinstated, confirmed and ratified in all respects; and

5. The Tax Collector is authorized to issue a bill for taxes plus interest at the rate of twelve per cent (12%) per year from April 1, 1983 as allowed by law. Said taxes shall become delinquent and bear interest at the rate of eighteen per cent (18%) per annum if unpaid at the expiration of thirty (30) days from the date of entry of this Judgment and at such time the Tax Collector shall be authorized to enforce the collection of such taxes as delinquent taxes as provided by law, without further order of this Court.

6. The Court reserves jurisdiction to entertain a motion to tax costs in favor of Plaintiff.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 2nd day of September, 1987.